***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before former Deputy Commissioner Dollar and the briefs and arguments of the parties. The appealing parties have not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives or amend the Opinion and Award, except for modifications to the amounts awarded for facial disfigurement and for permanent injuries awarded pursuant to N.C. Gen. Stat. § 97-31(24).
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in their Pre-Trial Agreement and at the hearing as
 STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at all relevant times.
2. ITT Specialty Risk Services, Inc., was the carrier on the risk, with AIG Claim Services as its third-party administrator.
3. The employee-employer relationship existed between the parties at all relevant times.
4. Plaintiff sustained an admittedly compensable injury by accident on or about 29 May 2000. Defendants filed an I.C. Form 60 on 17 November 2000.
5. Plaintiff's average weekly wage was sufficient to yield a maximum weekly compensation rate of $588.00.
6. The issue for determination is to what, if any, compensation is plaintiff entitled for permanent partial impairment, serious facial disfigurement, and/or damage to important internal organs as a result of the compensable injury?
7. The parties stipulated the following documentary evidence:
 a. I.C. Forms 18, 60, 62, 28 (two), 25R, and 27 March 2002 Order, and
 b. Medical Records of UNC Hospitals, Rex Healthcare, Raleigh Eye Center, and Carolina Neuropsychological Service, Inc., 111 pages.
8. The depositions of Dr. Glenn M. Davis, Dr. William W. Shockley, and Dr. Jonathon Dutton were submitted and received into evidence.
 ************
Based upon all of the competent evidence adduced from the record and the reasonable inferences therefrom, the Full Commission makes the following additional
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was a forty-three year old married father of four. He had prior work experience as a light and heavy vehicle mechanic. At the time of the injury giving rise to this claim, he was employed with defendant-employer as a mechanic.
2. On 29 May 2000, plaintiff was struck in the right side of his face and his right eye by a steel bar while installing a lift cylinder on a loader. The loader was used to raise the truck bed to load five to ten thousand pounds of freight into an airplane. The vehicle had four lift cylinders, which each weighed approximately three thousand pounds.
3. Following the injury, plaintiff was taken to Rex Hospital, where Dr. Glenn Davis treated him for multiple facial lacerations and fractures, including comminuted fractures of the floor of the right orbit, the anterior wall of the right maxillary sinus, fractures of the medial walls of both maxillary sinuses, comminuted fracture of the nasal bone, longitudinal fractures of the maxilla with posterior displacement of the right fracture fragment, right medial canthal eye laceration and possible tear duct injury, and gross malocclusion of the jaw with sagittal split laceration in the roof of his mouth. Dr. Davis performed surgery to repair the complex fractures, inserted plates, reconstructed the orbital floor with titanium mesh, and repaired the nasal fracture. Plaintiff's jaw was wired for three weeks following the injury.
4. Post-operatively, plaintiff sought treatment at Raleigh Eye Center and UNC Hospitals ophthalmology and otolaryngology clinics for a variety of eye problems. Dr. Houdak referred plaintiff to Dr. William Shockley.
5. On 6 October 2000, Dr. Shockley began treating plaintiff. A CT scan taken on 27 October 2000 reflected an old orbital blow-out fracture repaired with mesh, a fixation device mobilizing a fracture in the wall of the right maxillary antrum, a fixation device in the anterior aspect of the right maxillary bone, a soft tissue component occupying the roof of the right maxillary antrum, and a fracture involving the right nasal bone. Dr. Shockley also found plaintiff to have a post-traumatic right lower eyelid contour deformity.
6. On 27 November 2000, Dr. Shockley's resident, Dr. Harold Pine, repaired plaintiff's extensive scarring in the right medial canthal region and inferomedial orbital wall, as well as repairing the retracted right lower eyelid. Dr. Pine used a microplate to affix the tendons to the bone to reposition the medial canthal, released the medial orbital wall and floor from the scar tissue, and inserted a graft of artificial skin to correct the lower eyelid retraction.
7. By 8 December 2000, Dr. Shockley found scarring to be occuring again. He also noted aggravation of the lacrimal system due to the surgery. After recurrent infections in the nasolacrimal system, Dr. Shockley referred plaintiff to Dr. Arthur Chandler, who performed a dacryocystorhinostomy on the right eye on 5 April 2001.
8. In September of 2001, plaintiff experienced episodes of loss of sight in the right eye. Dr. Nicholas Faberowski treated him, noting he had iritis in the right eye secondary to the injury and residual scarring. He recommended annual follow up, due to plaintiff's being at a risk of developing glaucoma, recurrent iritis and other eye problems secondary to the trauma.
9. On 25 February 2003, Dr. Jonathan Dutton saw plaintiff on referral by Dr. Shockley, for evaluation of the eyelid deformity. He recommended additional surgery to correct the excessive tearing. On 27 March 2003, Dr. Dutton performed the dacryocystorhinostomy with Crawford silicone intubations tents and a medial canthal angle repair and tightening of the medial canthal tendon.
10. Since the injury, plaintiff experiences numbness in the upper jaw and difficulty eating foods on the right side. He has difficulty breathing through the right nostril and blurry vision in his right eye. He cannot sleep on his right side due to soreness in the cheekbone.
11. The lacrimal system is an important body system, which is necessary to drain tears from the eye. Plaintiff sustained damage to this system as his lower right tear duct is entirely blocked due to the compensable injury by accident of 29 May 2000.
12. Although plaintiff testified he was depressed following the injury, he declined psychological treatment which defendants offered to provide.
13. Plaintiff has reached maximum medical improvement as a result of the compensable injuries he sustained. The competent medical evidence supports a finding he may require future treatment for his right eye and sinus passages.
14. Plaintiff has sustained a serious facial disfigurement due to the compensable accident, which has left him with noticeable disfigurement to the right eye and lower eyelid. He has also sustained a disfigurement at the right side of his nose, which he sees. Based upon the viewing at the Full Commission oral arguments, as well as the photographs, which were taken at some point after the accident but prior to his treatment with Dr. Dutton plaintiff has sustained a facial disfigurement to his face in that his face is not symetrical, there is a scar under his right eye and a fullness on his jaw.
15. Plaintiff sustained permanent damage to his right eye as a result of the compensable injury.
16. Plaintiff sustained permanent damage to his maxilla and zygomatic complex as a result of the compensable injury.
17. Plaintiff sustained permanent damage to his medial canthal and his conjuntiva as a result of the compensable injury.
18. Plaintiff sustained permanent damage to his lacrimal system as a result of the compensable injury.
19. As a result of the nasal fractures, plaintiff has sustained permanent damage to his sinus cavity.
20. Plaintiff has sustained permanent damage to facial nerves as a result of the compensable accident, which has left him with numbness in his lips and facial area.
 ***********
The foregoing findings of fact engender the following
 CONCLUSIONS OF LAW
1. In order to qualify for compensation under the Workers' Compensation Act, a claimant must prove both the existence and extent of disability.Hilliard v. Apex Cabinet Co., 305 N.C. 593, 290 S.E.2d 682 (1982).
2. Where the exact nature and probable genesis of a particular injury involves complicated medical questions removed from the ordinary experience of the layperson, only a qualified expert witness can give an opinion as to the nature and cause of the injury. Click v. Pilot FreightCarriers, Inc., 300 N.C. 164, 265 S.E.2d 389 (1980).
3. Plaintiff is entitled to have defendants pay $2,000.00 for serious facial disfigurement. N.C. Gen. Stat. § 97-31(21).
4. Plaintiff is entitled to have defendants pay $10,000.00 for permanent injury to the right eye. N.C. Gen. Stat. § 97-31(24).
5. Plaintiff is entitled to have defendants pay $10,000.00 for permanent damage to his nasal passage and sinuses as a result of the compensable injury. N.C. Gen. Stat. § 97-31(24).
6. Plaintiff is entitled to have defendants pay $5,000.00 for permanent damage to facial nerves as a result of the compensable injury. N.C. Gen. Stat. § 97-31(24).
7. Plaintiff is entitled to have defendants pay $13,000.00 for permanent damage to the maxilla and zygomatic complex as a result of the compensable injury. N.C. Gen. Stat. § 97-31(24).
8. Plaintiff is entitled to have defendants pay $15,000.00 for permanent damage to the medial canthal and the conjuntiva as a result of the compensable injury. N.C. Gen. Stat. § 97-31(24).
9. Plaintiff is entitled to have defendants pay $10,000.00 for permanent damage to the lacrimal system as a result of the compensable injury. N.C. Gen. Stat. § 97-31(24).
10. Plaintiff is entitled to have defendants pay for medical expenses incurred or to be incurred as a result of the compensable injury as may be required to provide relief, effect a cure or lessen the period of disability. N.C. Gen. Stat. §§ 97-2(19), 97-25, and 97-25.1.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
 AWARD
1. Subject to a reasonable attorney's fee herein approved, defendants shall pay plaintiff permanent disability compensation in the amount of $65,000.00. Said compensation has accrued and shall be paid in a lump sum.
2. A reasonable attorney's fee of $16,250.00 is hereby approved to be deducted from sums due plaintiff and paid directly to counsel.
3. Defendants shall pay medical expenses incurred or to be incurred when bills for the same have been approved, in accordance with the provisions of the Act.
4. Defendants shall pay the costs, including an expert witness fee of $350.00 to Dr. Jonathon Dutton.
This the 13th day of October 2005.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER